UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:24-cv-21217-MD

CARLOS FRIAS,

    Plaintiff,

v.

SOUTH FLORIDA PUBLIC MEDIA COMPANY,

    Defendant.

_____/

## SOUTH FLORIDA PUBLIC MEDIA COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

South Florida Public Media Company ("**WLRN**"), respectfully submits its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages and Injunctive Relief [D.E. 1], and states the following:

### COUNT I
### TITLE VII CLAIM FOR RACE AND NATIONAL ORIGIN DISCRIMINATION

#### INTRODUCTION AND SUMMARY

1. Admitted that Plaintiff purports to assert a claim for discrimination. All other allegations in paragraph 1 are expressly denied.

#### JURISDICTION AND VENUE

2. WLRN admits that the referenced federal statutes speak for themselves, and otherwise denies all other allegations in paragraph 2.

3. WLRN admits that it conducts business in Miami-Dade County, Florida, but all other allegations in paragraph 3 are denied.

Case No.: 1:24-cv-21217-md

## PARTIES

4. WLRN admits that Plaintiff is a journalist and was employed by WLRN as a co-host for the *Sundial* radio show, but all other allegations in paragraph 3 are denied.

5. WLRN admits that it is a not-for-profit corporation and operates as a public radio station. WLRN states the referenced federal statute speaks for itself.

## GENERAL ALLEGATIONS

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. WLRN admits that Plaintiff received a letter and published commentary related to the letter on Plaintiff's social media page that included the language cited in Paragraph 10. WLRN is without sufficient knowledge to admit or deny what Plaintiff considered about the letter, and WLRN denies all remaining allegations of Paragraph 10.

11. WLRN admits that it notified Plaintiff that his social media publication violated WLRN's social media policy, and admits that an incomplete portion of a writing from Mr. Bustos is cited in Paragraph 11.

12. WLRN admits that Plaintiff was previously reprimanded and that Plaintiff's violation of WLRN policies with respect to his Facebook post was not Plaintiff's first reprimand while employed by WLRN. WLRN also admits that Plaintiff complained to WLRN's human resources representative. WLRN denies Plaintiff's mischaracterizations in Paragraph 12, and denies all remaining allegations of paragraph 12.

13. WLRN admits that on February 1, 2024, WLRN implemented its decision to cancel the unsuccessful *Sundial* show and, as a result, also terminated the employment of the *Sundial* staff, including Plaintiff, and both *Sundial* Producers.

14. WLRN admits that on February 1, 2024, WLRN implemented its decision to cancel the unsuccessful *Sundial* show and, as a result, also terminated the employment of the *Sundial*

staff, including Plaintiff, and both *Sundial* Producers. WLRN denies all remaining allegations of Paragraph 14.

15. WLRN admits that the unsuccessful *Sundial* radio show ratings declined. WLRN objects to Plaintiff's mischaracterization in paragraph 15, and therefore denies all allegations in paragraph 15.

16. WLRN admits it informed Plaintiff of its decision to go in a different direction with canceling the unsuccessful *Sundial* show. WLRN denies all remaining allegations of Paragraph 16.

17. Denied.
18. Denied.
19. Denied.
20. Denied.
21. Denied.
22. Denied.

### Prayer for Relief

In response to Plaintiff's Prayer for Relief, WLRN denies that Plaintiff is entitled to any of the relief sought or any other relief in this action. WLRN denies all factual allegations, if any, contained in the Prayer for Relief and denies any wrongdoing. Further, pursuant to 42 USC § 2000e-5(k), WLRN respectfully requests this honorable Court award WLRN its reasonable attorneys' fees and costs in connection with the defense of Plaintiff's claim which was, and is, brought frivolously, unreasonably, and/or without grounds, against WLRN, and grant such further relief as the Court may deem just and proper.

### COUNT II
### TITLE VII CLAIM FOR RETALIATION

23. WLRN repeats and realleges its answers to the allegations set forth in Paragraphs 1 through 16 as if fully set forth herein.

24. Denied.
25. Denied.
26. Denied.

Case No.: 1:24-cv-21217-md

27. Denied.

28. Denied.

29. Denied.

30. Denied.

### Prayer for Relief

In response to Plaintiff's Prayer for Relief, WLRN denies that Plaintiff is entitled to any of the relief sought or any other relief in this action. WLRN denies all factual allegations, if any, contained in the Prayer for Relief and denies any wrongdoing. Further, pursuant to 42 USC § 2000e-5(k), WLRN respectfully requests this honorable Court award WLRN its reasonable attorneys' fees and costs in connection with the defense of Plaintiff's claim which was, and is, brought frivolously, unreasonably, and/or without grounds, against WLRN, and grant such further relief as the Court may deem just and proper.

31. WLRN denies all allegations in the Complaint not specifically admitted, denied, or controverted above.

### **AFFIRMATIVE DEFENSES**

Without shifting the burden of proof where it otherwise rests with Plaintiff, WLRN asserts the following Affirmative and Other Defenses:

1. Plaintiff fails to state a claim for which relief can be granted as it relates Count I of the Complaint. Plaintiff has failed to allege sufficient facts to establish a claim for discrimination on the basis of race or national origin. Plaintiff has only plead conclusory allegations as to an alleged discriminatory termination but provides no facts that would lead to the inference that Plaintiff was terminated on the basis of his race or national origin.

2. Plaintiff has failed to state to claim for which relief can be granted as it related to Count II of the Complaint. Plaintiff has failed to allege sufficient facts to establish a claim for retaliatory termination. Plaintiff alleges that he was terminated for reporting alleged discrimination on the basis of national origin and race to Defendant's human resources department. This did not form the basis for Plaintiff's termination.

Case No.: 1:24-cv-21217-md

3. Plaintiff's claims are barred, in whole or in part, by Plaintiff's at-will employment status. Plaintiff was an at-will employee who could be terminated with or without cause. Plaintiff claims he was terminated on the basis of discrimination of his race or national origin, or in the alternative, in retaliation for his actions of meeting with the human resources department. WLRN had the right to terminate Plaintiff's at-will employment with or without cause.

4. Plaintiff's claims are barred, in whole or in part, by the business judgment rule. Plaintiff's employment was not terminated on the basis of discrimination based upon race or national origin (or on the basis of any type of discrimination) and Plaintiff's employment was not terminated on the basis of retaliation. Instead, Plaintiff's employment was terminated because it was in the best business interest of WLRN. More specifically, the *Sundial* show declined in ratings and WLRN made a business decision to cancel the *Sundial* show, including the *Sundial* staff, as a result.

5. All actions or inactions taken with respect to Plaintiff were based upon legitimate, non-discriminatory business reasons. Specifically, the fact that the *Sundial* show declined in ratings.

6. Plaintiff has failed to mitigate or minimize his damages as it relates to lost wages by failing to find a comparable position in the same field, or to diligently seek such a position.

7. Plaintiff is not entitled to injunctive relief because Plaintiff has an adequate remedy at law. Further, Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that he will suffer irreparable harm.

8. Plaintiff is not entitled to any recovery, attorneys' fees or costs arising from any of his causes of action because Plaintiff has not suffered any damages.

9. Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands. Thus, Plaintiff has no right to injunctive relief.

10. WLRN acted in good faith and did not directly or indirectly perform any acts that would constitute a violation of any rights of Plaintiff, or any duty owed to Plaintiff.

**RESERVATION OF RIGHTS**

Case No.: 1:24-cv-21217-md

WLRN reserves the right to amend its affirmative defenses, and to assert additional affirmative defenses, if and when it becomes appropriate to do so. Discovery has not yet begun in this matter.

WHEREFORE, the Defendant, SOUTH FLORIDA PUBLIC MEDIA COMPANY, respectfully requests judgment against Plaintiff for costs and all other damages which this Court deems just and equitable including an award of reasonable attorneys' fees under 42 USC § 2000e-5(k) and grant such further relief as the Court may deem just and proper.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, WLRN hereby demands a jury trial on all issues so triable.

Dated: June 24, 2024

Respectfully Submitted,

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for WLRN*
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6415
Primary e-mail: justin.maya@csklegal.com
Secondary e-mail: andres.martinez@csklegal.com

*s/ *__Justin S. Maya__
JUSTIN S. MAYA
Florida Bar No.: 126087
ANDRES J. MARTINEZ
Florida Bar No.: 1049428

Case No.: 1:24-cv-21217-md

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of June, 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

*/s/***Justin S. Maya**

Justin S. Maya

Florida Bar No.:  126087

0694.0006-00/19816757